UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07609 JAK (MRWx) | Date | December 30, 2020 |
| Title | Alfredo Duran v. SPS Technologies LLC DBA PB Fasteners | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **(IN CHAMBERS) ORDER RE JOINT REQUEST TO DISMISS THE INDIVIDUAL CLAIMS WITH PREJUDICE AND THE PUTATIVE CLASS CLAIMS WITHOUT PREJUDICE (DKT. 17)**

**JS-6**

**I.    Background**

On July 30, 2019, Alfredo Duran ("Duran" or "Plaintiff") filed this putative class action in the Los Angeles County Superior Court. Dkt. 1-1 (the "Complaint"). The Complaint alleges that SPS Technologies LLC, doing business as PB Fasteners ("SPS" or "Defendant"), violated various wage and hour laws. On September 3, 2019, the action was removed pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1.

On November 25, 2020, the parties filed a Joint Request to Dismiss The Individual Claims With Prejudice And The Putative Class Claims Without Prejudice. Dkt. 17 (the "Request"). In connection with the Request, the parties submitted a declaration by Plaintiff's counsel, Nazo Koulloukian. Dkt. 17-1 (the "Koulloukian Declaration").

Based on a review of the Request, the issues presented are appropriate for resolution without oral argument. *See* L.R. 7-15. For the reasons stated in this order, the Request is **GRANTED**. The individual claims of Duran are **DISMISSED WITH PREJUDICE**, and the claims of all putative class members are **DISMISSED WITHOUT PREJUDICE**.

**II.    Legal Standards**

Fed. R. Civ. P. 23(e) applies to the approval of a class action settlement by a district court. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), held that this rule applies to settlements reached before a class has been certified. *Id.* at 1408. Because such a settlement does not have *res judicata* effect as to the absent, putative class members, "the court does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class." *Id.* Rather, a district court should assess the following three factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07609 JAK (MRWx) | Date | December 30, 2020 |
| Title | Alfredo Duran v. SPS Technologies LLC DBA PB Fasteners | | |

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; [and] (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.*

Notice of a settlement of the claims of the named plaintiff to absent members of a putative class is not always required prior to any class certification. *Id. Diaz* identified three purposes that could be served by requiring such notice prior to the dismissal:

> (1) protecting a defendant "by preventing a plaintiff from appending class allegations to her complaint in order to extract a more favorable settlement," (2) "protect[ing] the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims," and (3) "protect[ing] the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action."

*In re Conagra Foods, Inc.*, No. CV 11-05379 MMM (AGRx), 2014 WL 12579572, at *6 (C.D. Cal. Jul. 31, 2014) (quoting *Diaz*, 876 F.2d at 1408-09). So long as these issues do not apply, "a plaintiff need not provide notice of a pending voluntary dismissal in a pre-certification action." *Id.*

Rule 23 was amended in 2003, which was after *Diaz* was decided. Rule 23 now applies only to certified classes, or "class[es] proposed to be certified for purposes of settlement." Fed. R. Civ. P. 23(e). The commentary to this amendment provides that "[t]he new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by a settlement, voluntary dismissal, or compromise." *Id.* (advisory committee's note to 2003 amendment). Nevertheless, some district courts in this Circuit have continued to apply the *Diaz* factors in considering settlements. *See Rodriguez v. Nationwide Mut. Ins.*, No. 8:16-cv-02217-JLS-DFM, 2017 WL 7803796, at *1 (C.D. Cal. Nov. 16, 2017); *In re Conagra Foods*, 2014 WL 12579572, at *5 (same).

**III.    Application**

      A.    Whether the *Diaz* Factors Favor Dismissal

           1.    Possible Reliance of Class Members

In support of the Request, the parties argue that no putative class members have relied on this action. Koulloukian states that he is unaware of anyone other than Doran who "believes they are aggrieved by Defendant's Actions." Dkt. 17-1 ¶ 4. Koulloukian adds that he is unaware of any reporting about, or publicity concerning the action, that no putative class members have contacted him about the case, and that he is unaware of any putative class members who elected not to bring their own actions because this one was pending. *Id.* ¶¶ 5-6.

Given the evidence as to the absence of any publicity about this action, it is unlikely that any putative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-07609 JAK (MRWx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Alfredo Duran v. SPS Technologies LLC DBA PB Fasteners | | |

class members have relied on this action to protect their interests. *Cf. Gutierrez v. J.M. Distributing, Inc.*, No. SA CV 20-00617-DOC-JEM, 2020 WL 4355513, at *1 (C.D. Cal. Jun. 3, 2020) ("[T]his case is in its infancy, and it does not appear that it has attracted any significant media attention or public interest in the short time since its filing. Reliance on this action is therefore unlikely.").

      2.      <u>Adequacy of Time for Class Members to File Other Actions</u>

The parties advance several arguments as to why putative class members will have adequate time to commence separate actions. *First*, the Complaint alleges violations occurring as recently as 2018, which is within the three- and four-year limitations periods that apply to many of the claims advanced in this proceeding. *Second*, the claims of absent, putative class members have been tolled during the pendency of this litigation. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). *See also Rodriguez*, 2017 WL 7803796, at *4 (*Am. Pipe* rule has been applied to wage-and-hour claims under California law). *Third*, civil limitations periods have been tolled in California due to the COVID-19 pandemic. *See* Cal. Rules of Court, Emergency Rule 9, available at https://www.courts.ca.gov/documents/appendix-i.pdf ("Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.").

These arguments are sufficient to show that absent members of the putative class will have sufficient time to bring separate actions within the relevant limitations periods.

      3.      <u>Any Settlement or Concession of Class Interests</u>

The parties requested that the class claims be dismissed without prejudice. Thus, any absent members of the putative class will not be precluded from advancing claims in a later, separate action. Koulloukian confirms that, the terms of the settlement agreement do "not compromise or settle the putative class claims." Dkt. 17-1 ¶ 7. Therefore, dismissal would not prejudice the absent class members.

      *      *      *

For the foregoing reasons the *Diaz* factors support granting the request to dismiss this action.

      B.      Whether Notice to the Absent Class Members Should be Required

      1.      <u>First Purpose of Notice: Protecting the Defendant</u>

There is no showing that the class allegations were frivolous or used to leverage a favorable settlement for Plaintiff. Koulloukian states that what is to be paid in the settlement is the "approximate amount of... damages had the case gone forward to judicial resolution in [Plaintiff's] favor." Dkt. 17-1 ¶ 9. He adds that neither he nor Plaintiff received "monetary consideration specifically to file a voluntary dismissal, separate from the settlement of Plaintiff's individual claims." *Id.*

*Diaz* held that "[a]bsent any indication that *these* plaintiffs actually appended class allegations in an attempt to get favorable individual settlements, there is no reason to require notice here as a deterrent to hypothetical abusive plaintiffs." 876 F.2d at 1409 (emphasis in original). Therefore, this factor weighs against requiring notice to putative class members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07609 JAK (MRWx) | Date | December 30, 2020 |
| Title | Alfredo Duran v. SPS Technologies LLC DBA PB Fasteners | | |

      2.      Second Purpose of Notice: Protecting the Class from Objectionable Relief

As noted above, the claims of the putative class members are to be dismissed without prejudice. Koulloukian confirms that the settlement "does not compromise or settle the putative class claims." Dkt. 17-1 ¶ 7. Courts have found that notice is not required in these circumstances. *See In re Conagra Foods*, 2014 WL 12579572, at *6 (collecting cases).

      3.      Third Purpose of Notice: Protecting the Class from Prejudice

As noted above, it is unlikely that any absent members of the putative class relied on this litigation in electing not to file separate claims. It is also likely that absent putative class members will have sufficient time to pursue to bring timely claims against Defendant. Therefore, there is not a compelling need to protect the class from prejudice. *Cf. Rodriguez*, 2017 WL 7803796, at *4 ("Because potential class members here would not be prejudiced by the dismissal of this action, Plaintiff need not provide notice to the class.").

      *         *         *

For the foregoing reasons, the standards identified in *Diaz* do not support notice to putative class members in this action.

**IV.**    **Conclusion**

For the reasons stated in this order, the Request is **GRANTED**. The individual claims are **DISMISSED WITH PREJUDICE**, and the claims of all putative class members are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                                  :

Initials of Preparer    tj